ELIJAH M. BROGA *vs.* ANTONIO LEO & others.

Hampden.     September 17, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Commonwealth*, Security for public work.

A blacksmith, sharpening drills under contract with a subcontractor on a public work, was not performing labor proximately connected with the prosecution of the work, and was not entitled to the benefit of security provided under G. L. (Ter. Ed.) c. 30, § 39.

PETITION, filed in the Superior Court on September 24, 1935, under G. L. (Ter. Ed.) c. 30, § 39.

The petition was heard by *Whiting*, J.

*J. P. Moriarty*, for the petitioner.

*C. S. Lyon & R. H. Doran*, for Standard Accident Insurance Company, submitted a brief.

PIERCE, J.   This is a petition under the provisions of G. L. (Ter. Ed.) c. 30, § 39, whereby the petitioner seeks to establish a claim for labor performed or furnished on a State construction project involving the construction or repair of a public highway in the town of Chester, and to obtain the benefit of certain security in the form of a bond executed by the respondent Antonio Leo, as the general contractor, in favor of the Commonwealth, upon which bond the respondent Standard Accident Insurance Company is surety.   The case having been heard in the Superior Court on facts agreed to in open court, the judge found and ruled that the claim herein involved was for labor which was not "lienable" under the provisions of G. L. (Ter. Ed.) c. 30, § 39, and, at the request of the petitioner and with the agreement of the petitioner and the respondent Standard Accident Insurance Company as to the facts, reported the case to this court.

The agreed facts disclose that on November 14, 1933, the respondent Antonio Leo entered into a contract with the Commonwealth to construct a public highway in the town of Chester, and in accordance with the provisions of G. L. (Ter. Ed.) c. 30, § 39, furnished a bond with the respondent Standard Accident Insurance Company as surety; that subsequently the respondent Leo, as general contractor, entered into a contract with Abel F. Stevens Incorporated, a corporation, as a subcontractor, whereby the latter undertook to perform the drilling and blasting operations involved in the construction of the highway.   The petitioner conducted, as an individual, a blacksmith shop in the town of Chester, located about a half mile from the point where the work on the highway construction job here in issue was being prosecuted.   The subcontractor, during the progress of its work on said highway, used drills owned by it, and from time to time had occasion to have said drills sharpened in

order effectively to carry out the rock drilling operation involved. Whenever it was necessary to have the drills sharpened, the subcontractor's agents and employees delivered them to the petitioner at his blacksmith shop, where he sharpened them and where the subcontractor or its agents received them and took them back to the scene of the construction operations for use there.

The account annexed to the petition discloses that the petitioner charged the subcontractor at a specified price for each drill sharpened and not on a time basis. The report inferentially imports that the petitioner was not an employee of said subcontractor but dealt with that corporation as an independent contractor; and that the subcontractor had no control over the equipment or hours of labor of the petitioner employed in sharpening the drills. And there is nothing in the report which indicates that the petitioner was concerned with when or where the drills were used after being sharpened by him. The only issue in the case is whether the labor performed or furnished by the petitioner in sharpening the drills for the subcontractor in the manner and circumstances set forth in the report is a "lienable" claim within the meaning of the provisions of G. L. (Ter. Ed.) c. 30, § 39.

The petitioner does not contend that prior to November 14, 1933, any statute was enacted which enlarged the words "labor performed or furnished" in G. L. (Ter. Ed.) c. 30, § 39. St. 1922, c. 416, enlarged the provision of G. L. c. 30, § 39, as to liens for material used in the construction of public works by adding after the word "used" the words "or employed." St. 1929, c. 111, relates to the filing of petitions and intervention in petitions already filed. The petitioner in the case at bar relies upon *Friedman* v. *County of Hampden,* 204 Mass. 494, 511, *George H. Sampson Co.* v. *Commonwealth,* 202 Mass. 326, 336, *Dolben* v. *Duncan Construction Co.* 276 Mass. 242, 253. In *George H. Sampson Co.* v. *Commonwealth,* 202 Mass. 326, 336, it was decided that the use of a machine (a pile driver) did not prevent a lien for labor performed or furnished in the operation of the machine even though no lien arose for the use of the ma-

chine itself.    The same principle governed *Friedman* v. *County of Hampden*, 204 Mass. 494, 510, 511.

The lien is applicable to labor performed or furnished in the direct or proximate prosecution of the work.    It is not applicable to labor performed or furnished in creating or rehabilitating for the contractor a steam shovel, an engine and boiler, picks, shovels, crowbars and the like which are used in doing the work, survive its performance and remain the property of the contractor.    To hold that the petitioner's claim for labor was "lienable" on the facts in this case would open the door to every claim for labor however remotely connected with any of the instrumentalities involved in the performance of the work.    We think there is no proximate connection between the sharpening of the drills and the construction of the work.    In accordance with the terms of the report, the petition must be dismissed as to the respondents Antonio Leo, Commonwealth of Massachusetts and Standard Accident Insurance Company, without prejudice to any rights which the petitioner may have in this or any other proceeding against the subcontractor, Abel F. Stevens Incorporated.

*Ordered accordingly.*